UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA AZAR,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.  25-cv-01435-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

  Plaintiff Olga Azar brings this medical negligence action against the United States under the Federal Tort Claims Act ("FTCA").  Specifically, Azar alleges that Dr. Yuan Da Fan negligently performed a supracervical abdominal hysterectomy on November 3, 2022, causing her to sustain significant injuries.  At the time of the surgery, Dr. Fan was a part-time independent contractor with North East Medical Services ("NEMS"), a federally qualified health center under the Federally Supported Health Centers Assistance Act ("FSHCAA").  The FTCA allows plaintiffs to bring certain state-law tort actions against the United States for injuries caused by the negligent acts or omissions of federal employees.  28 U.S.C. § 1346(b).  The FSHCAA extends this limited waiver of sovereign immunity to healthcare entities who receive federal funding as well as their employees and contractors acting within the scope of their contracts.  42 U.S.C. § 233(g).

  The government moves to dismiss the case for lack of subject matter jurisdiction, asserting that Dr. Fan was not acting within the scope of his contract with NEMS at the time of his alleged misconduct because he did not bill NEMS for the hysterectomy.  For the reasons stated below, the motion is **GRANTED**.  This order assumes the reader is familiar with the

1

factual allegations, applicable legal standards, and the arguments made by the parties.

*Legal Standard*.  To resolve a factual attack on subject matter jurisdiction, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).  Unlike a motion to dismiss under Rule 12(b)(6), "the court need not presume the truthfulness of the plaintiff's allegations."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The party invoking jurisdiction has the burden of proof, *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979), and must "furnish affidavits or other evidence necessary to satisfy its burden."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The FSHCAA extended the FTCA to certain healthcare entities receiving federal funding, along with their officers, governing board members, employees, and contractors.  42 U.S.C. § 233(g).  The conditions of coverage are limited to acts or omissions related to the grant-supported activity of the entity and, in the case of employees or contractors, to those acts and omissions within the scope of their employment or contract for services.  § 233(g)(1)(A), (a).  Courts often rely on billing and payment arrangements to determine whether a physician's conduct is within the scope of their contract.  *See Maschmeier v. United States*, No. 22-cv-05425-RMI, 2023 U.S. Dist. LEXIS 218247, at *10 (N.D. Cal. Dec. 7, 2023); *see also Lacey-Echols v. Murphy*, No. Civ. 02-2281 (WGB), 2003 U.S. Dist. LEXIS 27415, 2003 WL 23571269, at *30 (D.N.J.) (holding that where a physician privately billed patients for delivery of their baby, physician was not covered by the FTCA).  Thus, the terms of a physician's contract, and, specifically, the terms outlining billing and payment, govern whether he acted in the scope of his employment when he provided the care at issue, and whether the court has subject matter jurisdiction over this case.  *See Maschmeier*, 2023 U.S. Dist. LEXIS 218247, at *11.

"[A] waiver of sovereign immunity is to be strictly construed, in terms of scope, in favor of the sovereign."  *Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).  Therefore, just as

the terms of the FTCA and FSHCAA are "strictly construed" to ensure the United States is not subjected to suits to which it has not consented, a contract for services should be narrowly construed because the contract's terms extend the federal government's indemnity to otherwise-uncovered private parties. *Maschmeier*, 2023 U.S. Dist. LEXIS 218247, at *10 n.2.

*Discussion*. The evidence shows that Azar's November 3, 2022 procedure was not performed within the scope of the contract between Dr. Fan and NEMS. That contract provides that NEMS shall bill, collect, and retain all payments "from patients and/or third-party payors" for services provided by Dr. Fan. (Dkt. No. 16-7 ¶ 3(b).) The contract further requires Dr. Fan to invoice NEMS for care provided on "a monthly basis." (*Id.* ¶ 8.) Dr. Fan maintains that he did not bill NEMS for the services provided to Azar on November 3, 2022, but instead billed through his private practice.[1] (Dkt. No. 16-5 ¶ 3, ¶ 5.) This is supported by the record, which shows that the invoice submitted by Dr. Fan to NEMS in November did not request compensation for any services performed on November 3. (Dkt. No. 16-8.) Accordingly, the procedure at issue in this case falls outside the bounds of the sovereign immunity waiver provided by the FTCA and extended by the FSHCAA. *See Maschmeier*, 2023 U.S. Dist. LEXIS 218247, at *15 (finding that the court did not have subject matter jurisdiction because the doctor did not bill the healthcare entity for the care at issue as required by the contract).

Azar points out that she did not know she was Dr. Fan's private patient when she underwent the surgery. Nor, Azar argues, was there any indication that NEMS or the government knew that Dr. Fan was not acting within the scope of the contract when he performed the procedure. But Azar's subjective beliefs—and those of NEMS or the government—"shed[] no light" on the factual question of whether Dr. Fan complied with the terms of his contract, which is the only question at issue. *Maschmeier*, 2023 U.S. Dist. LEXIS 218247, at *15.

---

[1] Although Azar's pre- and post-operative care appears to have been billed to NEMS (Dkt. No. 16-5 ¶ 3), Azar's Complaint does not allege any facts concerning negligence by Dr. Fan with respect to that care.

Azar further argues that the government should be equitably estopped from asserting its defense to subject matter jurisdiction because it previously represented to her, upon her Notice of Intention to Commence Action under California Code of Civil Procedure § 364, that any claims for professional negligence relating to the procedure "must be brought under the provisions of the Federal Tort Claims Act[.]"  (*See* Dkt. No. 18-3 at 1.)  Azar asserts that she relied on this representation in choosing to file her suit in federal court rather than state court, and that, as a result, the statute of limitations for bringing a state court action against Dr. Fan has now lapsed.  While the Court is troubled by the government's alleged misrepresentations, it is well settled that "parties cannot by consent, waiver or estoppel obtain federal subject matter jurisdiction."  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1374 (9th Cir. 1987).  Any arguments concerning the equitable tolling of the statute of limitations are more appropriately raised in the state court action, if such an action is filed.

For the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  Because the Court lacks subject-matter jurisdiction, it does not reach the merits of the propriety of any requested relief, including prejudgment interest.  The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 4, 2025

                                                   RITA F. LIN
                                                   United States District Judge